# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 09-50458
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIGUEL ANGEL VIEZCAS-SAENZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-245-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Viezcas-Saenz pleaded guilty to illegally reentering the United States after deportation. He was sentenced to a 70-month term of imprisonment, at the bottom of the advisory range provided by the Sentencing Guidelines. Viezcas-Saenz argues that his sentence is unreasonable because the Guidelines overstated the seriousness of his offense, which was not intrinsically wrong, and failed to take into account the mitigating nature of his cultural assimilation and his motive for returning to the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viezcas-Saenz acknowledges that two additional arguments that he raises are foreclosed. He argues that the appellate presumption of reasonableness would be improper because U.S.S.G. § 2L1.2 lacked an empirical foundation, and that the guideline range reflected an unwarranted disparity between defendants who can participate in a fast-track program and defendants who cannot. Indeed, we have previously rejected such claims. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Generally, we review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Absent an objection, we review the substantive reasonableness of a sentence for plain error only. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Although Viezcas-Saenz requested a downward variance, he did not specifically object to the reasonableness of the sentence imposed. However, we need not decide which standard governs review of Viezcas-Saenz's claim because he is unable to prevail under either standard.

The district court considered and rejected Viezcas-Saenz's arguments for a sentence below the guideline range. The district court stated that in determining Viezcas-Saenz's sentence it had treated the Guidelines as advisory and had considered the Guidelines and the 18 U.S.C. § 3553(a) factors, and it noted Viezcas-Saenz's criminal history, his cultural assimilation, and the nature of his offense. Thus, the record demonstrates that the district court considered the § 3553(a) factors, including the specific concerns that Viezcas-Saenz now raises, to determine that a sentence at the bottom of the guideline range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *Id.* at 55-58. Because it is within the guideline range, Viezcas-Saenz's sentence is entitled to a presumption of reasonableness, *see Mondragon-Santiago,* 564 F.3d at 361; *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), and Viezcas-Saenz has shown no good reason for

us to disturb it. *See Gall*, 552 U.S. at 51 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court").

AFFIRMED.